IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REBECCA J. ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 1:16cv00656-SRW |
| ) | |
| MICHELIN NORTH AMERICA, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rebecca J. Robinson, through her attorney, commenced this lawsuit in the Circuit Court of Dale County, Alabama, against her former employer, defendant Michelin North America, Inc. (Doc. 1-3). In her state court complaint, the plaintiff asserts various unspecified claims against defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("the ADA"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("the ADEA"); and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). The defendant timely removed this case to this court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. 1). Plaintiff did not file a motion to remand, and the court is satisfied of its subject matter jurisdiction over this dispute following a *sua sponte* review of the current filings of record. See Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte*[.]").

1

This matter is before the court on defendant's motion for a more definite statement brought under Federal Rule of Civil Procedure 12(e) and filed on August 18, 2016. (Doc. 5). Plaintiff did not file a response to, or inform the court that she wished to oppose, the instant motion. For the reasons discussed below, the motion is due to be granted.

## DISCUSSION

A party may move for a more definite statement under Rule 12(e) when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P 12(e). "The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). District courts also have the "inherent authority to require the [plaintiff] to file a more definite statement" if not by Rule 12(e), then by their authority "to narrow the issues in the case in order to speed its orderly, efficient, and economic disposition." <u>Fikes v. City of Daphne</u>, 79 F.3d 1079, 1083 n. 6 (11th Cir. 1996).

In the present case, defendant's motion for a more definite statement is timely. Defendant argues that plaintiff's state court complaint "references several factual allegations related to possible claims arising under" the ADA, ADEA, and Title VII but plaintiff does not specify what claims she asserts beyond evoking those laws, nor does she indicate what allegations of fact pertain to her claims for relief. (Doc. 5 at 2). Defendant correctly asserts that "[a] reasonable reading of the 'ADA' and 'ADEA and Title VII'[1] sections of [plaintiff's] [c]omplaint could indicate any number of combinations of possible claims and theories of recovery" under those laws. (<u>Id.</u>). Defendant also complains that, while plaintiff asserts that she attached EEOC Charges of Discrimination to the state court complaint, the exhibits are incomplete in that they consist only of portions of the charges and the notices of plaintiff's right to sue. (<u>Id.</u> at 3). Finally, defendant

---

[1] Plaintiff's state court complaint asserts ADEA and Title VII claims under a single count.

observes that plaintiff alleges that "she worked for Michelin for over '14 years,'" but does not allege specific time periods relevant to her causes of action, in contravention of Federal Rule of Civil Procedure 9(f), which defendant maintains "impedes Michelin's ability to efficiently consider timeliness issues in framing a response" to plaintiff's allegations and claims. (Doc 5 at 4 (quoting and citing Doc. 1-3 at Para. 11-26)).

Upon consideration of defendant's motion and plaintiff's state court complaint, the court concludes that the motion for a more definite statement is due to be granted. As discussed above, this case originated in an Alabama Circuit Court, and the parties were not bound in that court by the Federal Rules of Civil Procedure. Because this lawsuit is now pending in federal court, the plaintiff's complaint should conform to the Federal Rules of Civil Procedure, and plaintiff's state court complaint does not comport with those Rules – specifically, Rules 8, 9, and 10.

For example, plaintiff's choice to combine multiple claims for relief and, as to her claims under the ADEA and Title VII, multiple claims arising under different federal laws, under a single count does not conform with Rule 10(b), which requires that each claim be set forth in a separate count. See Fed. R. Civ. P. 10(b). Generally, the Eleventh Circuit observed the following with regard to federal pleading standards:

> By combining several claims for relief in each count, [plaintiff] disregarded the rules governing the presentation of claims to a district court. Federal Rule of Civil Procedure 8(a)(2)[2] requires a pleader, in setting forth a claim for relief, to present

---

[2] The Supreme Court has made clear that, while the pleading standard of Rule 8 does not require detailed factual allegations as to all of the elements of the plaintiff's claims, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint that "tenders naked assertions devoid of further factual enhancement" is not sufficient. Id. (internal quotation marks omitted) (quoting Bell Atlantic Corp v. Twombly, 550 U.S. 544, 557 (2007)). To state a claim for relief that is "plausible on its face," the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Plaintiff's factual allegations must give rise to "more than a sheer possibility that a defendant has acted unlawfully." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." Id. at 679 (citations and internal quotation marks omitted).

"a short plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 10(b) provides that "[a]ll averments of claim ... shall be made in separate paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances...." Moreover, "[e]ach claim founded upon a separate transaction or occurrence ... shall be stated in a separate count ... whenever a separation facilitates the clear presentation of the matters set forth." These rules work together

> to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.
>
> T.D.S. v. Shelby Mut. Ins. Co., 760 F.2d 1520, 1543 n. 14 (11th Cir. 1985) (Tjoflat, J., dissenting).

Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996). Because the state court complaint is not pled properly under Rules 8 and 10, the court and defendant are left to guess at what claims the plaintiff intends to raise.

Also, as defendant correctly observes, the court cannot discern from the state court complaint whether the plaintiff's claims are timely. Because of the various timeliness requirements and statutes of limitations regarding claims under the ADA, ADEA and Title VII, the timing of the plaintiff's factual allegations is material to her causes of action. Rule 9(f) provides that "[a]n allegation of time or place is material when testing the sufficiency of a pleading." Fed. R. Civ. P. 9(f). Thus, the plaintiff must set forth allegations as to the timing of events with sufficient particularity to permit the court to ascertain whether cognizable ADA, ADEA or Title VII claims are raised by her factual averments.

## CONCLUSION AND ORDER

Accordingly, and for the reasons discussed, it is

ORDERED that the defendant's motion for a more definite statement (Doc. 5) is GRANTED. Plaintiff is DIRECTED to file an amended complaint that comports with the Federal

Rules of Civil Procedure, particularly Rules 8, 9 and 10 as applicable, on or before December 9, 2016.  If plaintiff attaches exhibits to her amended complaint – i.e., her charge(s) of discrimination or right to sue notice(s) – the plaintiff must provide a copy of those entire documents. Defendant shall answer or otherwise respond to plaintiff's amended complaint by January 6, 2017.

    DONE, on this the 30th day of November, 2016.

                                    /s/ Susan Russ Walker
                                    Susan Russ Walker
                                    Chief United States Magistrate Judge.