**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **REBECCA J. ROBINSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NUMBER:** |
| **v.** | ) | |
| | ) | **1:16-cv-00656-SRW** |
| **MICHELIN NORTH AMERICA, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Michelin North America, Inc. ("Michelin"), submits the following Answer in response to Plaintiff Rebecca Robinson's ("Robinson") First Amended Complaint (Doc. 8):

Introduction

1. Michelin admits Robinson brings this action under the Americans with Disabilities Act of 1990, as amended ("ADA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), but denies Robinson has stated a claim upon which relief may be granted. Michelin denies it violated Robinson's rights under the ADA, Title VII, the ADEA, or any other federal, state, local, or common law.

Jurisdiction and Venue

2. Michelin admits the allegations in paragraph 2 of the First Amended Complaint.

3. Michelin admits venue is proper in the Middle District of Alabama, Southern Division. Michelin denies the remaining allegations in paragraph 3 of the First Amended Complaint.

4. Michelin admits venue is proper in the Middle District of Alabama, Southern Division. Michelin denies the remaining allegations in paragraph 4 of the First Amended Complaint.

5. Michelin admits venue is proper in the Middle District of Alabama, Southern Division. Michelin also admits Robinson was formerly employed by Michelin at its Dothan, Alabama facility, which is located within the Middle District of Alabama, Southern Division. Michelin denies the remaining allegations in paragraph 5 of the First Amended Complaint.

Parties

6. Michelin is without sufficient knowledge or information to form a belief as to the allegations in paragraph 6 of the First Amended Complaint and, therefore, denies the same.

7. Michelin admits the allegations in paragraph 7 of the First Amended Complaint.

8. The allegations in paragraph 8 of the First Amended Complaint call for a legal conclusion and, thus, no response is required. Michelin admits Robinson was formerly employed by Michelin at its Dothan, Alabama facility.

9. The allegations in paragraph 9 of the First Amended Complaint call for a legal conclusion and, thus, no response is required. Michelin admits that, in certain circumstances, it is an “employer” as defined by the ADA, Title VII, and the ADEA.

Administrative Proceedings

10. Michelin is without sufficient knowledge or information to form a belief as to the allegations in paragraph 10 of the First Amended Complaint and, therefore, denies the same.

11. Michelin admits Robinson filed a charge of discrimination with the Equal Employment Opportunity Commission (“EEOC”) on August 16, 2012 (“First EEOC Charge”), and that the EEOC issued Robinson a Dismissal and Notice of Rights letter for the First EEOC Charge dated December 2, 2015. Michelin also admits Robinson filed a charge of discrimination with the EEOC on October 7, 2013 (“Second EEOC Charge”). Michelin denies the remaining allegations in paragraph 11 of the First Amended Complaint.

12. Michelin denies the allegations in paragraph 12 of the First Amended Complaint.

13. Michelin admits the EEOC issued Robinson a Dismissal and Notice of Rights Letter for the Second EEOC Charge dated April 7, 2016. Michelin also admits Robinson initiated this lawsuit on July 6, 2016. Michelin is without sufficient knowledge or information to form a belief as to the date Robinson received the Dismissal and Notice of Rights letter for the Second EEOC Charge and, therefore, denies the same.

## Cause of Action

## ADA

14. Michelin is without sufficient knowledge or information to form a belief as to Robinson's allegations pertaining to "heart problems" and, therefore, denies the same. Michelin denies the remaining allegations in paragraph 14 of the First Amended Complaint.

15. Michelin admits Robinson suffered a work-related injury in 2011. Michelin denies the remaining allegations in paragraph 15 of the First Amended Complaint.

16. Michelin is without sufficient knowledge or information to form a belief as to Robinson's allegations pertaining to "heart problems" and, therefore, denies the same. Michelin denies the remaining allegations in paragraph 16 of the First Amended Complaint.

17. Michelin admits Robinson was unable to perform her job duties after June 2012. Michelin denies the remaining allegations in paragraph 17 of the First Amended Complaint.

18. Michelin denies the allegations in paragraph 18 of the First Amended Complaint.

19. Michelin admits Robinson began performing a temporary, data entry assignment on or about January 4, 2012. Michelin denies the remaining allegations in paragraph 19 of the First Amended Complaint.

20. Michelin denies the allegations in paragraph 20 of the First Amended Complaint.

21. Michelin admits Robinson performed a temporary, data entry assignment from approximately January 4, 2012 to May 31, 2012. Michelin denies the remaining allegations in paragraph 21 of the First Amended Complaint.

22. Michelin denies the allegations in paragraph 22 of the First Amended Complaint.

23. Michelin denies the allegations in paragraph 23 of the First Amended Complaint.

24. Michelin denies the allegations in paragraph 24 of the First Amended Complaint.

25. Michelin admits Robinson applied for a Planner position in May 2012.

26. Michelin admits Robinson was not selected for the Planner position and that a male employee was selected for the position.

27. Michelin denies the allegations in paragraph 27 of the First Amended Complaint.

28. Michelin is without sufficient knowledge or information to form a belief as to Robinson's subjective beliefs and, therefore, denies the same. Michelin denies the remaining allegations in paragraph 28 of the First Amended Complaint.

29. Michelin denies the allegations in paragraph 29 of the First Amended Complaint.

30. Michelin admits Robinson filed an EEOC charge on August 16, 2012, alleging violations of the ADA. Michelin denies the remaining allegations in paragraph 30 of the First Amended Complaint.

31. Michelin denies the allegations in paragraph 31 of the First Amended Complaint.

32. Michelin denies the allegations in paragraph 32 of the First Amended Complaint.

33. Michelin denies the allegations in paragraph 33 of the First Amended Complaint.

34. Michelin denies the allegations in paragraph 34 of the First Amended Complaint.

ADA Retaliation

35. Michelin admits the allegations in paragraph 35 of the First Amended Complaint.

36. Michelin admits it made efforts to return Robinson to work from June 2012 to her date of termination on August 27, 2013.

37. Michelin denies the allegations in paragraph 37 of the First Amended Complaint.

38. Michelin admits Robinson was terminated from her employment on August 27, 2013. Michelin denies the remaining allegations in paragraph 38 of the First Amended Complaint.

39. Michelin denies the allegations in paragraph 39 of the First Amended Complaint.

40. Michelin denies the allegations in paragraph 40 of the First Amended Complaint.

41. Michelin denies the allegations in paragraph 41 of the First Amended Complaint.

ADEA

42. Michelin admits Robinson was over the age of 40 years during her employment with Michelin. Michelin denies the remaining allegations in paragraph 42 of the First Amended Complaint.

43. Michelin denies the allegations in paragraph 43 of the First Amended Complaint.

44. Michelin admits Robinson filed an EEOC charge on August 16, 2012. Michelin denies the remaining allegations in paragraph 44 of the First Amended Complaint.

45. Michelin denies the allegations in paragraph 45 of the First Amended Complaint.

46. Michelin denies the allegations in paragraph 46 of the First Amended Complaint.

47. Michelin denies the allegations in paragraph 47 of the First Amended Complaint.

48. Michelin denies the allegations in paragraph 48 of the First Amended Complaint.

49. Michelin is without sufficient knowledge or information to form a belief as to Robinson's subjective beliefs and, therefore, denies the same. Michelin denies the remaining allegations in paragraph 49 of the First Amended Complaint.

50. Michelin denies the allegations in paragraph 50 of the First Amended Complaint.

51. Michelin admits Robinson was terminated from her employment on August 27, 2013. Michelin denies the remaining allegations in paragraph 51 of the First Amended Complaint.

52. Michelin denies the allegations in paragraph 52 of the First Amended Complaint.

Title VII

53. Michelin admits the allegations in paragraph 53 of the First Amended Complaint.

54. Michelin admits Robinson was not selected for the Planner position and that a male employee was selected for the position.

55. Michelin denies the allegations in paragraph 55 of the First Amended Complaint.

56. Michelin admits Robinson filed an EEOC charge on August 16, 2012. Michelin denies the remaining allegations in paragraph 56 of the First Amended Complaint.

57. Michelin denies the allegations in paragraph 57 of the First Amended Complaint.

58. Michelin denies the allegations in paragraph 58 of the First Amended Complaint.

59. Michelin is without sufficient knowledge or information to form a belief as to Robinson's subjective beliefs and, therefore, denies the same. Michelin denies the remaining allegations in paragraph 59 of the First Amended Complaint.

60. Michelin denies the allegations in paragraph 60 of the First Amended Complaint

61. Michelin denies the allegations in paragraph 61 of the First Amended Complaint.

62. Michelin denies the allegations in paragraph 62 of the First Amended Complaint.

Injury and Damage

63. Michelin denies the allegations in paragraph 63 of the First Amended Complaint.

64. Michelin denies the allegations in paragraph 64 of the First Amended Complaint.

65. Michelin denies the allegations in paragraph 65 of the First Amended Complaint.

## Prayer for Relief

In response to the Prayer for Relief, including subparagraphs A-M, Michelin denies Robinson is entitled to any of the legal, equitable, or monetary relief, damages, and/or compensation requested, and further denies Robinson is entitled to any damages or relief whatsoever. To the extent the Prayer for Relief contains any allegations of fact, Michelin denies those allegations.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### FIRST DEFENSE

66. Robinson's First Amended Complaint should be dismissed, in whole or in part, because it fails to state a cause of action upon which relief may be granted and/or fails to allege sufficient facts necessary to state a claim.

### SECOND DEFENSE

67. Robinson's First Amended Complaint should be dismissed, in whole or in part, because Robinson cannot establish a *prima facie* case under any theory of recovery.

### THIRD DEFENSE

68. Robinson's First Amended Complaint should be dismissed, in whole or in part, to the extent Robinson seeks to assert claims beyond the scope of the allegations contained in her Second EEOC Charge.

**FOURTH DEFENSE**

69. With regard to any allegations in Robinson's First Amended Complaint that involve incidents or actions by Michelin alleged to have occurred, or that did in fact occur, more than 180 days prior to Robinson's filing of her Second EEOC Charge, her charge was untimely, and the conditions precedent for suit under the ADA, Title VII, and the ADEA have not been satisfied.

**FIFTH DEFENSE**

70. To the extent Robinson seeks to assert claims arising out of her First EEOC Charge, those claims are time-barred.

**SIXTH DEFENSE**

71. All employment decisions regarding or affecting Robinson were based upon neutral, objective, legitimate, non-discriminatory, and non-retaliatory reasons that were in no way related to Robinson's alleged disability, gender, age, or any other statutorily protected classification.

**SEVENTH DEFENSE**

72. If any improper, illegal, discriminatory, or retaliatory act was taken by any employee of Michelin against Robinson, it was outside the course and scope of that individual's employment, contrary to Michelin's policies, and was not ratified, confirmed, or approved by Michelin. Thus, any actions cannot be attributed or imputed to Michelin.

**EIGHTH DEFENSE**

73. Even if Robinson could state a *prima facie* case of discrimination or retaliation, she cannot establish that Michelin's legitimate, non-discriminatory, and non-retaliatory reasons for its actions were a pretext for an intent to discriminate or retaliate against her on the basis of an alleged disability, gender, age, or any other statutorily protected classification.

**NINTH DEFENSE**

74. Michelin's conduct toward Robinson was at all times in good faith and was not willful, intentional, or discriminatory, and Michelin had a reasonable and good-faith belief that its actions did not violate the ADA, Title VII, the ADEA, or any other applicable law.

**TENTH DEFENSE**

75. Even if Robinson could provide evidence that an alleged disability, gender, age, or any other statutorily protected classification was a factor in any employment action pertaining to Robinson, which it was not, the same decision would have been made without regard to such a factor.

**ELEVENTH DEFENSE**

76. Robinson's claims are or may be barred, in whole or in part, by the same actor and/or same decision-maker defense.

**TWELFTH DEFENSE**

77. Robinson's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, unclean hands, laches, and/or *in pari delicto* because Robinson's actions or conduct placed her in the position in which she found herself with respect to her employment with Michelin.

**THIRTEENTH DEFENSE**

78. Robinson's claims are or may be barred, in whole or in part, by the doctrines of judicial estoppel, collateral estoppel, and/or res judicata.

**FOURTEENTH DEFENSE**

79. Robinson's claims are barred, in whole or in part, by the applicable statutes of limitation.

**FIFTEENTH DEFENSE**

80. No actions of Michelin proximately caused any injury or damage allegedly suffered by Robinson.

**SIXTEENTH DEFENSE**

81. Michelin reserves the right to plead the defense of after-acquired evidence.

**SEVENTEENTH DEFENSE**

82. Robinson is not a "qualified individual" as defined under the ADA, and does not meet the qualification standards pursuant to the ADA.

**EIGHTEENTH DEFENSE**

83. Robinson's ADA claims are barred because she does not have a physical or mental impairment that substantially limits one or more major life activities within the meaning of the ADA.

**NINETEENTH DEFENSE**

84. Robinson's ADA claims are barred because her alleged medical condition(s) do(es) not constitute an actual or perceived disability under the ADA.

**TWENTIETH DEFENSE**

85. Robinson's ADA claims are barred because she was not "regarded as" having a disability by Michelin.

**TWENTY-FIRST DEFENSE**

86. Robinson's ADA claims are barred because Michelin has no obligation to accommodate a perceived disability.

**TWENTY-SECOND DEFENSE**

87. Robinson did not request a reasonable accommodation.

**TWENTY-THIRD DEFENSE**

88. Robinson's ADA failure to accommodate claim is barred because Robinson failed to engage and reasonably participate in the interactive process used to seek and determine a reasonable accommodation under the ADA.

**TWENTY-FOURTH DEFENSE**

89. Robinson cannot establish a failure to accommodate claim under the ADA to the extent any accommodation request would result in an undue hardship to Michelin.

**TWENTY-FIFTH DEFENSE**

90. Robinson's claims are barred because she cannot establish that her alleged disability, gender, age, or any other statutorily protected classification was the "but for" cause of any challenged employment action.

**TWENTY-SIXTH DEFENSE**

91. No causal connection exists between any challenged employment action and any protected activity by Robinson under the ADA, Title VII, or the ADEA.

**TWENTY-SEVENTH DEFENSE**

92. Robinson's alleged compensatory, liquidated, and punitive damages claims are subject to the limitations imposed under the ADA, ADEA, 42 U.S.C. § 1981a, and/or any other applicable caps on damages.

**TWENTY-EIGHTH DEFENSE**

93. Robinson's claims are or may be barred to the extent that she has failed to reasonably mitigate her claimed damages, her entitlement to which is expressly denied.

**TWENTY-NINTH DEFENSE**

94. To the extent Robinson's alleged damages were the result of her own conduct and/or were the result of conduct other than that of Michelin, such damages are not recoverable.

**THIRTIETH DEFENSE**

95. Robinson is not entitled to compensatory damages because any emotional distress or mental anguish she allegedly suffered was caused by occurrences other than conduct for which Michelin is liable as a matter of law.

**THIRTY-FIRST DEFENSE**

96. The allegations of Robinson's Complaint are insufficient to entitle her to punitive or liquidated damages.

**THIRTY-SECOND DEFENSE**

97. Michelin denies that it has consciously or deliberately engaged in oppression, fraud, wantonness, reckless indifference, willfulness, and/or malice with regard to Robinson or has been guilty of any conduct which may entitle Robinson to recover punitive or liquidated damages.

**THIRTY-THIRD DEFENSE**

98. Robinson is not entitled to punitive or liquidated damages because any actions arguably justifying punitive or liquidated damages were not authorized or ratified by Michelin and occurred outside the scope of Robinson's employment.

## **THIRTY-FOURTH DEFENSE**

99. Robinson is not entitled to punitive damages because:

a. Any demand for punitive damages violates the Sixth Amendment of the United States Constitution in that such claim for punitive damages is a claim that is penal in nature, entitling Michelin to the same procedural safeguards accorded to a criminal defendant under the Sixth Amendment.

b. Any demand for punitive damages violates the self-incrimination clause of the Fifth Amendment of the United States Constitution in that the damages claimed are penal in nature while Michelin is required to disclose documents and/or other evidence without the safeguard against self-incrimination set out in the Fifth Amendment.

c. Any demand for punitive damages violates the Fifth Amendment of the United States Constitution which prohibits deprivation of life, liberty or property except by due process of law in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

d. Punitive damage awards under the statutes alleged are not governed by any specific standards, are not based on rational distinctions, and do not serve any legitimate state interest. Consequently, such awards violate the Fifth Amendment of the United States Constitution.

e. The amount of an award of punitive damages would violate the excessive fines provisions of the Eighth Amendment of the United States Constitution.

f. Punitive damages are penal in nature yet defendants in civil actions are not accorded the same procedural safeguards accorded to criminal defendants under the Fifteenth and Sixteenth Amendments to the United States Constitution, including, without limitation, requiring proof beyond a reasonable doubt and imposing civil penal fines in excess of those fines that could be imposed under criminal law.

**THIRTY-FIFTH DEFENSE**

100. There is no evidence of exceptional malicious conduct in this case and, to the extent any punitive damages are awarded, they should not exceed the amount of compensatory damages awarded in this action.

**THIRTY-SIXTH DEFENSE**

101. Robinson's punitive damages claim is subject to the limitations described in *State Farm Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**THIRTY-SEVENTH DEFENSE**

102. Robinson is not entitled to recover back pay, front pay, lost wages, lost benefits, compensatory, punitive, or liquidated damages, pre- or post-judgment

interest against Michelin, or any other monetary damages or equitable relief whatsoever.

Having answered Robinson's First Amended Complaint, Michelin respectfully requests the First Amended Complaint be dismissed, that judgment be entered in favor of Michelin, and that Michelin be awarded its costs and attorneys' fees incurred in defending this action.

Respectfully submitted,

/s/ M. Tae Phillips

Lisa Karen Atkins (ASB-3326-I72A)
M. Tae Phillips (ASB-6565-W74P)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
420 20th Street North, Suite 1900
Birmingham, Alabama 35203
Telephone: (205) 328-1900
Fax: (205) 328-6000
lisa.atkins@ogletreedeakins.com
tae.phillips@ogletreedeakins.com

*Attorneys for Defendant Michelin North America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of January, 2017, I electronically filed the foregoing with the Clerk of Middle District of Alabama, using the Court's CM/ECF system, which will send notification of such filing to the following:

Patrick Lyle Doman
LAW OFFICE OF PATRICK L. DOMAN
285 South Foster Street
Dothan, Alabama 36301

/s/ M. Tae Phillips
Of Counsel

28350006.1